# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMBER BRENNER

**DEFENDANTS**
TURKEY HILL, L.P. t/a TURKEY HILL DAIRY

**(b)** County of Residence of First Listed Plaintiff: YORK COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: LANCASTER COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard B. Bateman, Jr., Esquire
21 West Second Street, Suite 300
Media, PA 19063; Phone #: 610-566-3322

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act of 1990, 42 U.S. Code Chapter 126
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/25/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __620 East Philadelphia Street, York, PA 17403__

Address of Defendant: __2601 River Road, Conestoga, PA 17516__

Place of Accident, Incident or Transaction: __2601 River Road, Conestoga, PA 17516__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/25/2018__    _/s/ signature_    __61131__
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __Americans with Disabilities Act of 1990__

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Richard B. Bateman, Jr.__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __06/25/2018__    _/s/ signature_    __61131__
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMBER BRENNER | : | CIVIL ACTION |
| v. | : | |
| TURKEY HILL, L.P. t/a TURKEY HILL DAIRY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 06/25/2018 | *[signature]* | AMBER BRENNER, PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-566-3322 | 610-548-9986 | batemanlaw@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER BRENNER | : |
| v. | : NO.: |
| TURKEY HILL, L.P. t/a TURKEY HILL DAIRY | : **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Parties

1. Plaintiff, Amber Brenner, is an adult individual, and she resides at 620 East Philadelphia Street, York, PA 17403.

2. Defendant, Turkey Hill, L.P. t/a Turkey Hill Dairy, is a corporation with a place of business located 2601 River Road, Conestoga, PA 17516-9630, which is located in this District in Lancaster County.

Jurisdiction

3. This Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act of 1990, 42 U.S. Code Chapter 126 (hereinafter "ADA").

4. This lawsuit was filed within 90 days of the plaintiff's receipt of a right to sue letter from the EEOC.

Facts

5. At all times material hereto, defendant employed hundreds of people.

6. On January 23, 2017, plaintiff commenced employment with defendant as a Freezer Operator on the night shift.

7. During employment with defendant, plaintiff's duties included adding ingredients to make ice cream, cookies and other products, cleaning, maintenance and ensuring compliance with sanitation standards and quality control.

8. At all times material hereto, plaintiff suffered from anxiety disorder, which is a disability under the ADA which substantially limits the major life activity of being able to work, sleep, concentrate, interact with others, learn, perform daily care, communicate and perform manual tasks.

9. On the early morning of June 18, 2017, plaintiff hit her head at work, cut her head and suffered a concussion near the end of her June 17-18, 2017 shift.

10. Plaintiff immediately reported the incident to her supervisor, Julissa Rivera and Ms. Rivera called the first aid team which among other things, give her ice, put pressure on her wound to stop the bleeding and let her rest for a while (because she was seeing stars).

11. Thereafter, plaintiff completed her June 17-18, 2017 shift and went home.

12. After arriving home, plaintiff slept the whole day (which was unusual for her) and she was not yet aware that she had suffered a concussion when she hit her head at work.

13. On June 18, 2017, plaintiff arrived at work at 6:00 P.M. with very bad head pain, but she pushed herself to continue working because she was still unaware that she had sustained a concussion.

14. At about 1:00 A.M. on June 19, 2017, about five hours into her shift, plaintiff lost consciousness.

15. On June 19, 2017, defendant called plaintiff's mother and asked her to transport her to the emergency room, because defendant did not believe plaintiff could drive in the condition she was in.

16. On June 19, 2017, plaintiff's mother took plaintiff to Lancaster General Hospital emergency room, where the medical staff informed her for the first time that she sustained a concussion and that she likely passed out due to the concussion.

17. Plaintiff remained in the emergency room for the remainder of the work day on June 18-19, 2017 and thus missed the remainder of that work day.

18. Later on June 19, 2017, plaintiff was directed to see defendant's company doctor at 5:00 P.M. at Patient First and was she was "cleared" to go back to work for her next shift -- June 21-22, 2017 -- which started on June 21, 2017 at 6:00 PM.

19. Upon her arrival at work 0n June 22, 2017, plaintiff handed in her paperwork from the ER to defendant which explained that she was treated for a concussion "without loss of consciousness."

20. On June 22, 2017, after defendant reviewed the paperwork plaintiff brought that day, plaintiff was approached by her direct supervisor, Matt Miller, and a safety team member, Wanda Alicea, who told plaintiff that they believed that plaintiff passed out on June 19, 2017 due to an anxiety attack.

21. On June 22, 2017, Ms. Alicea asked plaintiff if she was "depressed."

22. Miller and Alicea were aware that plaintiff suffered from an anxiety disorder because when she was injured on June 18, 2018, she filled out a form for the first aid team indicating that she took Venlasaxine for anxiety.

23. Plaintiff explained to Miller and Alicea that she was not depressed and that the doctors told her that she passed out on June 19, 2017 because she sustained a concussion when she hit her head at work on June 18, 2017.

24. The defendant, without any medical expert proof, later submitted to its workers' compensation carrier its belief that plaintiff's syncopal episode (passing out on June 19, 2017) resulted from an anxiety attack—and not a concussion as plaintiff asserted was diagnosed by her doctors.

25. Employees of defendant are allowed no more than three absences or early departures during a probationary period during their first six months of employment. However, absences caused by work-related injuries are not considered absences under this policy.

26. Plaintiff's six-month probationary period was set to end on about July 25, 2017.

27. Unbeknownst to plaintiff, defendant wrongly had her down for three absences as of July 11, 2017 – one of which was her early departure from work due to her work-related concussion on the June 18-19, 2017 shift.

28. Plaintiff rightly asserts she had only had two absences because the June 19, 2017 incident was a work-related injury, and was never told that she was charged with an absence for the June 18-19, 2017 shift during her employment.

29. On July 12, 2017, plaintiff was working voluntary overtime, when she began to vomit.

30. On July 12, 2017, plaintiff was forced to leave work two hours into her 12-hour voluntary shift which was counted as an absence under the probationary policy.

31. On July, 14, 2017, defendant informed plaintiff that she was being terminated for accumulating four absences or early departures.

32. In counting plaintiff's early departure on June 18-19, 2017 as her fourth incident under the probationary policy, defendant intentionally and/or in bad faith violated the ADA by wrongly perceiving that her early departures was a result of her anxiety disability, rather than properly acknowledging that it was caused by her work injury.

33. The defendant and its agents terminated plaintiff's employment because it wrongly perceived that she passed out at the work place on June 19, 2017 due to her disability, despite clear medical evidence in their possession to the contrary.

34. Defendant's proffered reason for terminating plaintiff's employment was false and mere pretext to mask defendant's true discriminatory motives.

35. The true reasons why plaintiff was terminated was because she was discriminated against based upon her disability and/or perceived disability and in retaliation for making a valid workers compensation claim.

36. Defendant and its agents acted at all times material hereto with their authority to hire fire and discipline.

37. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

38. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of her termination from employment.

## COUNT 1—DISABILITY DISCRIMINATION

39. Plaintiff repeats paragraphs 1-38 as if more fully set forth herein.

40. By and through its conduct, defendant violated ADA by intentionally discriminating against the plaintiff and terminating her employment because of her disability and/or because she was regarded as disabled.

41. Plaintiff seeks lost pay, benefits, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

## COUNT 2– VIOLATION OF A CLEAR MANDATE OF PUBLIC POLICY

42. Plaintiff repeats paragraphs 1-41 as if more fully set forth herein.

43. Based upon plaintiff's report of her on-the-job injury on June 18, 2017 and June 19, 2017, defendant opened a claim or claims for her pursuant to the Pennsylvania Worker's Compensation Law (hereinafter "the Act").

44. The defendant's termination of plaintiff's employment violated a clear mandate of public policy embodied by the Act, which precludes retaliation against an employee for pursuing his/her rights under the Act.

45. Defendant's intentional act of refusing to properly categorize the June 18-19, 2017 early departure as a worker's compensation related incident was intended to result in plaintiff's wrongful termination.

46. Plaintiff has sustained, and in the future, will continue to sustain injuries and damages as a result of defendant's violation of the aforesaid clear mandate of public policy including lost pay and benefits.

47. Plaintiff is also entitled to recover punitive damages from the defendant based upon defendant's intentional and malicious conduct as set forth herein above.

WHEREFORE, plaintiff demands that judgment be entered in her favor against defendant for lost pay, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

Richard B. Bateman, Jr., Esq.
21 West Second Street
Suite 300
Media, PA 19063
610-566-3322 (Tel)
Fax: 610-548-9986 (Fax)
batemanlaw@aol.com (email)

Attorney for Plaintiff