IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMBER BRENNER**,<br><br>    Plaintiff<br><br>    v.<br><br>**TURKEY HILL L.P. t/a TURKEY HILL DAIRY**,<br><br>    Defendant | Case No. 5:18cv2650 JFL<br><br>Honorable Joseph F. Leeson, Jr.<br><br>Electronically Filed |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Turkey Hill Dairy (hereinafter "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses in response to Plaintiff Amber Brenner's (hereinafter "Plaintiff") Complaint:

### PARTIES

1. Admitted in part and denied in part. Defendant admits that Plaintiff, Amber Brenner, brought this action. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff resides at 620 East Philadelphia Street, York, PA 17403.

2. Denied. By way of further answer, the proper defendant is Turkey Hill L.P. dba Turkey Hill Dairy.

## JURISDICTION

3. Denied. By way of further answer, the allegation in this Paragraph constitutes a conclusion of law to which no responsive pleading is required.

4. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment as to when Plaintiff may have received a right to sue letter from the EEOC.

## FACTS

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff suffers from "anxiety disorder." By way of further answer, Plaintiff's averment that she suffers from a disability under the ADA is a conclusion of law to which no further response is required.

9. Denied as stated.

10. Admitted in part and denied in part. Defendant admits that Plaintiff reported the incident to Julissa Rivera, who called the first aid team. Defendant denies the remaining allegations of the Paragraph.

11. Admitted in part and denied in part. Defendant admits that Plaintiff completed her June 17-18, 2017 shift. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff went home after her shift and therefore denies the same.

12. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this Paragraph.

13. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

14. Denied.

15. Denied as stated.

16. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this Paragraph.

17. Admitted in part and denied in part. Defendant admits that Plaintiff missed the remainder of her shift on June 18-19, 2017. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff spent the remainder of the work day in the emergency room and therefore denies the same.

18. Denied as stated.

19. Denied. The averments of this Paragraph pertain to a writing which speaks for itself. Accordingly, no response to this Paragraph is required.

20. Denied as stated. Neither Matt Miller nor Wanda Alicea told Plaintiff they believe Plaintiff passed out due to an anxiety attack.

21. Denied.

22. Denied. Neither Mr. Miller nor Ms. Alicea reviewed the first aid form or saw what medications Plaintiff was taking.

23. Denied. By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation as to what her doctor told her.

24. Denied.

25. Denied as stated.

26. Denied.

27. Denied.

28. Denied.

29. Admitted in part and denied in part. Defendant admits that Plaintiff worked a voluntary overtime shift on July 12, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation about her vomiting.

30. Denied as stated.

31. Admitted.

32. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

33. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

34. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

35. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

36. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

37. Denied. By way of further answer, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

38. Denied. By way of further answer, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

## COUNT 1 – DISABILITY DISCRIMINATION

39. Defendant incorporates its responses to Paragraph Nos. 1 through 38, above, as if fully incorporated herein.

40. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required. In addition, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

41. Denied. By way of further answer, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

### COUNT 2 – VIOLATION OF A CLEAR MANDATE OF PUBLIC POLICY

42. Defendant incorporates its responses to Paragraph Nos. 1 through 41, above, as if fully incorporated herein.

43. Denied as stated.

44. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

45. Denied.

46. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required. In addition, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

47. Denied. By way of further answer, the allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required. In addition, Defendant denies that it engaged in any unlawful conduct and states further that Plaintiff is not entitled to any relief as a matter of law.

**WHEREFORE**, Defendant prays that Plaintiff be denied any and all relief requested in her Complaint. Defendant respectfully requests that the claims alleged in the Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

ALL ALLEGATIONS OF THE COMPLAINT NOT SPECIFICALLY ADMITTED ARE DENIED AND DEFENDANT DEMANDS STRICT PROOF THEREOF.

## AFFIRMATIVE DEFENSES

Defendant states the following as defenses to Plaintiff's Complaint without assuming the burden of proof on any such defenses that would otherwise rest on Plaintiff and with the reservation of Defendant's rights to amend or supplement its responses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times applicable hereto, Defendant exercised its well-established rights to determine the performance standards and requirements for its employees. Defendant applied its employment policies, standards and practices equally to Plaintiff and its other employees. Plaintiff was an at-will employee of Defendant and was subject to termination for any reason or no reason, with or without cause.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant made reasonable efforts to ensure a working environment free from bias with respect to any classification protected by applicable law.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any of the damages alleged in her Complaint, the damages were caused by her own conduct.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred to the extent that she has failed to mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not subject to punitive damages under any law because it acted in good faith and with reasonable cause to believe that its actions did not violate any applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability as defined by federal law.

## NINTH AFFIRMATIVE DEFENSE

To the extent that a reasonable accommodation could not be made, Defendant specifically pleads the affirmative defense of undue hardship.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not timely for failure to file suit within 90 days of receiving a Notice of Right to Sue from the EEOC.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of waiver.

SAXTON & STUMP LLC

By: */s/ Richard L. Hackman*
Richard L. Hackman, Esq. (PA 81755)
rlh@saxtonstump.com
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
717-556-1000 (phone)

*Attorneys for Defendant Turkey Hill Dairy*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing, Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, was filed electronically and is available for viewing and downloading on the Court's CM/ECF system this 27th day of July 2018.

> Richard B. Bateman, Jr., Esq.
> 21 West Second Street, Suite 300
> Media, PA 19063

> SAXTON & STUMP LLC
>
> By: */s/ Richard L. Hackman*
> Richard L. Hackman, Esq.
> (PA 81755)
> rlh@saxtonstump.com
> 280 Granite Run Drive, Suite 300
> Lancaster, PA 17601
> 717-556-1006 (phone)
>
> *Attorneys for Defendant*